IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JED WELKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 21-CV-248-SMY |
| | ) |
| THE FEDERAL BUREAU OF PRISONS, et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Jed Welker filed this habeas corpus action under 28 U.S.C. § 2241. The case is now before the Court for preliminary review of the Petition pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) authorizes the Court to apply the Rules to other habeas corpus cases.

In the Petition, Welker complains of being placed in the special housing unit (SHU) under a Notice of Limitations for possession of alcohol or illegal intoxicants in violation of BOP regulations. He seeks a preliminary/temporary injunction.

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. §2241 when a prisoner is challenging the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). If a prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held, his available remedy is under 42 U.S.C. §1983 (against

state officials) or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (against federal officials). *Glaus v. Anderson*, 408 F.3d 382, 386-87 (7th Cir. 2005). Here, Welker seeks a preliminary/temporary injunction related to his complaints concerning his conditions of confinement, not whether the fact of his confinement is constitutional. As such, his claim cannot properly be raised in a §2241 petition.

While in the past, courts have construed mistakenly-labeled habeas corpus petitions as a civil rights complaint, *see e.g., Graham v. Broglin*, 922 F.2d 379, 381-82 (7th Cir. 1991) (collecting cases), the Seventh Circuit Court of Appeals cautions that doing so may lead to unfavorable consequences under the Prison Litigation Reform Act. *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002) (discussing consequences that include a higher filing fee and the risk of receiving a "strike" under 28 U.S.C. §1915(g)). Therefore, the Court will not re-characterize Welker's petition as a civil rights complaint.

## Disposition

Petitioner Jed Welker's 28 U.S.C. § 2241 Petition is **DISMISSED** with prejudice. All pending motions are **TERMINATED AS MOOT**. To the extent Petitioner seeks relief available under civil rights laws (42 U.S.C. §1983 or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)) or compassionate release under 18 U.S.C. §3582(c)(1)(A), those requests are **DISMISSED** without prejudice to any separate action he wishes to bring. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

It is not necessary for Welker to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien,* 216 F.3d 626, 638 (7th Cir. 2000). If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within the appropriate time period for his case, as provided in Federal Rule of Appellate Procedure 4(a). A proper and timely

motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment; this deadline cannot be extended.

A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).  If Petitioner does choose to appeal and is allowed to proceed IFP, he may be required to pre-pay a portion of the $505.00 appellate filing fee, commensurate with his ability to pay.  *Walker v. O'Brien,* 216 F.3d 626, 638 n.5 (7th Cir. 2000); FED. R. APP. P. 3(e).

**IT IS SO ORDERED.**

**DATED:  July 14, 2023**

**STACI M. YANDLE**
**United States District Judge**